**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | Southern District of New York |
|---|---|---|

| Name (under which you were convicted):<br>Hanley Gomez | Docket or Case No.:<br>14-CR-459 |
|---|---|
| Place of Confinement:<br>FCI Fairton | Prisoner No.:<br>71144-054 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | Hanley Gomez |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Southern District of New York
    500 Pearl Street
    New York, New York 10007

    (b) Criminal docket or case number (if you know):  14-CR-459

2.  (a) Date of the judgment of conviction (if you know):  5/29/2015

    (b) Date of sentencing:  5/29/2015

3.  Length of sentence:  61 months

4.  Nature of crime (all counts):

    18 U.S.C. § 1951 Conspiracy to interfere with commerce by threats or violence
    18 U.S.C. §§ 924(c)(1)(A)(i) and 2 Use and carrying of a firearm in connection with the above count

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑        (2)  Guilty ☑        (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9.  If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☐   No ☐

(2)  Second petition:     Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

The 924(c) conviction is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The predicate crime of violence for the movant's 18 U.S.C. § 924(c) conviction is conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Hobbs Act conspiracy does not qualify under the § 924(c) force clause because it does not necessarily require as an element the use, attempted use, or threatened use of force. Therefore, Hobbs Act conspiracy would only qualify as a crime of violence under the § 924(c) residual clause. Under Johnson v. United States, however, this is no longer a crime of violence because § 924(c)'s residual clause is unconstitutionally vague.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

To the extent the movant is precluded by his plea agreement from bringing a § 2255 motion, counsel was ineffective.  Counsel never informed the movant of the arguments raised in Johnson v. United States before the Supreme Court, which would have caused the movant not to accept the plea agreement.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND THREE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑     No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑     No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

These grounds have not previously been presented in federal court.  The motion is based on Johnson v. United States, 135 S.Ct. 2551 (2015), which first came down on June 26, 2016, after the date of the movant's sentencing hearing and after the movant's time to file a Notice of Appeal had expired.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑    No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
 Bobbi Sternheim, 33 West 19th Street, 4th Floor, New York, New York 10007
(b) At arraignment and plea:
 Michael Martin, 150 West 62nd Street, 9th Floor, New York, New York 10023
(c) At trial:
 Not applicable.
(d) At sentencing:
 Michael Martin, 150 West 62nd Street, 9th Floor, New York, New York 10023

(e) On appeal:

  Not applicable.

(f) In any post-conviction proceeding:

  Not applicable.

(g) On appeal from any ruling against you in a post-conviction proceeding:

  Not applicable.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

  (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


  (b) Give the date the other sentence was imposed:

  (c) Give the length of the other sentence:

  (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), on June 26, 2015, and the movant filed his claim within a year of that date. The Supreme Court recognized a new right in Johnson, and announced a substantive rule that applies retroactively on collateral review. Thus, the movant's § 2255 motion is timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

vacate movant's § 924(c) conviction

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____ 6/24/2016 _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

The person signing is the attorney for the movant.  The movant is not signing this motion because he is incarcerated in New Jersey and not available to sign due to time constraints.