USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
HANLEY GOMEZ,

                Petitioner,

    -v-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

**DECISION & ORDER**

16 Cv 4920 (RMB)
14 Cr 459 (RMB)

      Having carefully reviewed the record in these proceedings, including (i) Hanley Gomez's ("Gomez" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate his conviction by plea, on June 24, 2016, for aiding and abetting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (ii) Gomez's brief, dated September 27, 2019, contending that his conviction under § 924(c) "must be vacated because, as a matter of law, the predicate crime of Hobbs Act conspiracy is not a crime of violence under § 924(c)" and that the "§ 924(c) conviction stands solely in conjunction with his count two conviction of conspiracy to commit Hobbs Act robbery," and not upon the separate (dismissed) drug trafficking offense he was charged with in Count One; (iii) the Government's opposition brief, dated October 28, 2019; (iv) Gomez's reply, dated November 11, 2019; (v) the Indictment, dated July 10, 2014, charging Gomez with (1) conspiracy to distribute narcotics, pursuant to 21 U.S.C. § 846, (2) conspiracy to interfere with commerce by threats or violence (also known as a Hobbs Act robbery conspiracy) pursuant to 18 U.S.C. § 1951, and (3) aiding and abetting the use or carrying of a firearm during a crime of violence and drug trafficking offense, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (vi) the Plea Agreement, dated February 24, 2015, in which Gomez pled guilty to Count Two, "conspiracy to interfere with commerce by

1

threats or violence," and Count Three, "possession of a firearm during and in relation to the crime of violence charged in Count Two," but not to the drug trafficking offense charged in Count One; (vii) Gomez's plea allocution, dated February 27, 2015; and (viii) the judgement of conviction, dated June 1, 2015, dismissing Count One and sentencing Gomez to 1 month incarceration on Count Two followed consecutively by 60 months incarceration on Count Three, **the Court grants Gomez's motion to vacate his conviction for aiding and abetting the use or carrying of a firearm in relation to a conspiracy to commit Hobbs Act robbery and schedules a resentencing on March 4, 2020, at 11:00 am.**[1] [2]

## Legal Standard

"Where [as here] a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (internal quotation marks and citations omitted). "Cause" exists where the Supreme Court "has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application." Reed v. Ross, 468 U.S. 1, 17 (1984). The Supreme Court has "refrained from giving 'precise content' to the term 'prejudice,'" but has also stated that there must be "'actual prejudice' resulting from the errors of which" the Petitioner complains. See United States v. Frady, 456 U.S. 152, 167–68 (1982).

After United States v. Davis, conspiracy to commit Hobbs Act robbery is no longer considered to be a crime of violence or a valid "predicate" for a 18 U.S.C. § 924(c) conviction.

---

[1] Gomez was released following completion of his 61-month sentence on December 19, 2018. He is currently in the custody of Immigration and Customs Enforcement.

[2] Any arguments or issues raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

See United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019).  A § 924(c) conviction predicated on a Hobbs Act robbery conspiracy cannot be upheld where a petitioner did not also plead guilty to § 924(c) predicated on a drug trafficking offense.  See Camacho v. United States, No. 17 Civ. 5199 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019).

**Analysis**

No Procedural Default

The Government argues that Gomez's motion to vacate should be denied because "the defendant failed to raise any such claim . . . on direct appeal."  See Gov. Letter at 5.  According to the Government, Gomez is "procedurally barred" from raising his claim for vacatur based on United States v. Davis in a habeas motion.  Id.  Gomez contends that he is not procedurally barred from raising his claim for vacatur based on Davis because prior to Davis "Second Circuit case law foreclosed his argument, and the timing of the Johnson, Barrett, and Davis decisions provides grounds for [him] to show cause and prejudice necessary to defeat a procedural bar."  See Reply Letter at 5.

The Court finds that Gomez's claim is not procedurally barred.  For one thing, Gomez entered his guilty plea on February 27, 2015 but the Supreme Court did not rule in Davis until 2019.  The Government's contention that vagueness challenges were not "so novel at the time that its legal basis was not reasonably available to [defense] counsel" is not persuasive.  See Gov. Letter at 6 (internal quotation marks omitted.); see also United States v. Mendez, No. 09-CR-710, 2019 WL 4599928, at *4 (S.D. Cal. Sept. 23, 2019) (stating that "it is fair to say that no one—the government, the judge, or the defendant—could reasonably have anticipated Johnson," and finding cause to excuse the defendant's procedural default because "Davis, which was [an] extension of Johnson, also could not have been foreseen at the time the Defendant was

3

sentenced"). And, the Court observes that "[t]he Second Circuit continued to uphold the constitutionality of § 924(c)'s residual clause following Johnson." See Camacho, 2019 WL 3838395, at *2 n.2 (citing United States v. Barrett, 903 F.3d 166, 175 (2d Cir. 2018), abrogated by Davis, 139 S. Ct. 2319 (2019)).

Gomez was prejudiced by pleading guilty to and being sentenced for a statutory crime which was ultimately declared unconstitutionally vague. See id.; see also United States v. Johnson, No. 3:09-CR-418, 2019 U.S. Dist. LEXIS 167244, at *15 (E.D. Va. Sept. 27, 2019); Harris v. United States, No. 97 Civ. 1904 (CSH), 2002 WL 31427358, at *7 (S.D.N.Y. Oct. 30, 2002) ("It is difficult to imagine a circumstance more prejudicial than being in prison for a longer time than the law requires.").

Gomez's Claim is Meritorious

The Court is not persuaded that Gomez's conviction was, as contended by the Government, "predicated upon both a drug trafficking crime and the robbery conspiracy." See Gov. Letter at 7. "Neither the record nor the law supports the government's argument that Mr. Gomez's § 924(c) conviction was clearly predicated upon a narcotics offense." Gomez Reply Letter at 2.

Following a review of the Indictment, the Plea Agreement, the plea allocution on February 27, 2015, and the judgement of conviction, dated June 1, 2015, the Court concludes that Gomez was convicted of a § 924(c) offense for use and carrying of a firearm in relation to the Hobbs Act robbery conspiracy, but not in relation to a drug trafficking offense. The record simply does not clearly show that his § 924(c) conviction was predicated on a drug trafficking crime. See, e.g., Camacho, 2019 WL 3838395, at *2; Jiminez v. United States, No. 16 Civ. 4653 (AKH), 2019 WL 5306976, at * 2 (S.D.N.Y. Oct. 21, 2019); Roman v. United States, No. 16

4

Civ. 4829 (AKH), 2019 WL 4863382, at *2 (S.D.N.Y. Oct. 2, 2019); Vasquez v. United States, No. 13-cr-58 (KBF), 2016 WL 3748504, at *1 (S.D.N.Y. July 11, 2016).

While Count Three of the Indictment charges Gomez with "possession of a firearm during a crime of violence and drug trafficking offense," the Plea Agreement, the plea allocution, and the judgment of conviction each reflect that Count Three was predicated only on the Hobbs Act robbery conspiracy offense set forth in Count Two -- not the drug trafficking offense set forth in Count One. For example, the Plea Agreement states that Gomez will plead guilty to "possession of a firearm during and in relation to the crime of violence charged in Count Two." See Plea Agreement at 1. The crime charged in Count Two was the Hobbs Act robbery conspiracy, which in United States v. Barrett, 903 F.3d 166 (2d Cir. 2018), was held not to be a crime of violence. During the plea allocution, Magistrate Judge Kevin Fox confirmed that "Count Three of the indictment charges that [Gomez] possessed a firearm during and in relation to a crime of violence." See Plea Allocution Tr. at 8. And, when reciting the elements of the crimes to which Gomez was pleading guilty, the Government stated that the predicate crime for the § 924(c) conviction "would be the crime charged in Count Two of the indictment," i.e., the Hobbs Act robbery conspiracy. See id. at 13. Finally, the criminal judgment indicates that the Count One drug trafficking offense was dismissed, and that Gomez was convicted of "[u]se and carrying of a firearm in connection with Count 2," i.e., the Hobbs Act robbery conspiracy. See Judgement of Conviction, at 1.

Although the narcotics conspiracy charged in Count One theoretically **could have** served as a sufficient predicate to support Gomez's guilty plea with respect to Count Three, Gomez did not plead guilty to that charge, nor did he plead guilty to possessing or aiding and abetting the possession of a firearm in furtherance of a narcotics crime. See Vasquez, 2016 WL 3748504, at

5

\*1.  **As stated in <u>United States v. Camacho</u>, the Government cannot save Gomez's § 924(c) conviction on a now-invalid predicate by converting it to a valid predicate to which Gomez did not plead.**  <u>See Camacho</u>, 2019 WL 3838395, at \*2.

## Conclusion and Order

For the reasons stated herein, the Petitioner's motion (#117 in 14-cr-459 and #1 in 16-cv-4920) is granted.

Gomez's resentencing shall take place on March 4, 2020, at 11:00 am.  The Court directs the Probation Department to prepare an updated PSR by February 7, 2020.  Gomez's written sentencing submission is due by February 21, 2020.  The Government's written sentencing submission is due by February 28, 2020.

Dated: New York, New York
January 9, 2020

_____
**RICHARD M. BERMAN, U.S.D.J.**